

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

December 16, 1949

*This opinion modified by HB 77 Acts 54th Leg 1955 (Art. 6674-n, VCS) to the extent that a county may condemn right of way in the name by the State in any incorporation city.*

Hon. Waggoner Carr
County Attorney
Lubbock County
Lubbock, Texas

Opinion No. V-971.

Re: Authority of the County to use road bond proceeds to buy rights-of-way within a city and to pay condemnation awards against the city for rights-of-way on streets forming connecting links on State highways.

Dear Mr. Carr:

Your request for an opinion is substantially as follows:

On the 5th day of November 1945, the Lubbock County Commissioners' Court entered its order agreeing with the Texas Highway Department to furnish rights-of-way for certain highways. During 1945 the city of Lubbock voted a city-wide bond election which included money to be used for securing the city's part of the right-of-way within the corporate limits. The city has continuously secured its right-of-way within the corporate limits to the limit of its own funds on hand. In 1946 Lubbock County voted a county-wide bond issue for highway purposes and thereafter secured a large portion of the right-of-way required for highways designated by the Highway Department. The County has approximately $161,465.18 remaining on hand in this bond fund.

The City of Lubbock has made and is about to make additional extensions in its corporate limits so as to include the lands from which rights-of-way are to be secured by the County and such needed lands will be shortly within the corporate limits.

On June 13, 1949, the Commissioners'

Court passed its resolution authorizing the obtaining of the necessary rights-of-way, a part of which will be in the City of Lubbock after the annexation becomes effective.

Question 1. May the road bond funds of Lubbock County be used for the purchase of rights-of-way of that part of the highway and traffic dispersal system included within the corporate limits of the City of Lubbock?

Question 2. In the event the City of Lubbock is required to file condemnation proceedings on land within the corporate limits, may the county by reason of its contract with the State Highway Department in cooperation with the City of Lubbock use such funds to pay for the land actually taken and damages awarded by the special commissioners or awarded by judgment on appeal to the County Court?

As a general proposition of law it is settled that the control and jurisdiction over streets of a municipality are exclusive in that city or town. However, the courts have held that the county has the right to expend funds in the improvement of streets within the corporate limits of a city when said streets form a part of the county road system, or a connecting link in State highways, when done with the consent of the city. <u>City of Breckenridge v. Stephens County</u>, 120 Tex. 318, 40 S.W. 2d 43 (1931); <u>Hughes v. County Commissioners' Court of Harris County</u>, 35 S.W.2d 818 (Tex.Civ.App.1931); A.G. Opinion No.V-261 dated June 23, 1947; A.G.Opinion No.O-4256 dated December 12, 1941.

In Attorney General Opinion No.O-7465, dated November 8, 1946, it was said:

". . . A county may not purchase land in an incorporated city for highway purposes if such purchase conflicts with the jurisdiction of the municipality; however, it is our opinion if the city approves, consents to, acquiesces or cooperates in the purchase, then the county may purchase the land for such purpose. This view is not inconsistent with the holding that the county may not condemn such land. The power of condemnation, if present

██ t█ ██unty, would be there regardless
of e█ ██nt or approval of the city.  Such
█we█ ██uld conflict with the jurisdiction
█f t█ ██ity over its streets; therefore,
█de█ ██ple authority there is no such auth-
█rit█ ██ the county.  But there is power to
█ur█ ██ with the approval or consent of the
█ity█

██ above opinion particularly emphasizes the
█ that t█ ██ounty has the power to purchase such land
██ly for co█ ██ or State highway purposes.  Also see:
Smith v. Cath██, 226 S.W.158 (Tex.Civ.App.1920); State
v. Jones, 18 Tex.874 (1857); Benat v. Dallas County, 226
S.W.540 (Tex.Civ.App.1924, error ref.); Cannon v. Healy
Construction Co., 242 S.W.526 (Tex.Civ.App.1922, error
ref.).

It is therefore our opinion that your first
question should be answered in the affirmative.

In the case of Adams v. Rockwall County, 280
S.W.759 (Tex.Comm.App.1926), it was held that the County
of Rockwall did not have the power to condemn land for
road purposes within the corporate limits of the town of
Royce.  The Court said:

"There does not appear to be an ambiguity
in the language employed by the Legislature to
express its intent as to what agencies should
exercise control over the highways within in-
corporated cities and towns, or as to the ex-
clusive nature of that control."

In the Benat v. Dallas County Case, supra, the
Court stated:

"Except in cases coming within the scope
of some general or special statute in which
authority is expressly conferred, counties
are without authority to lease out or control
streets and highways of the incorporated cit-
ies and towns, or to have property condemned
for such purposes."

While it has been the long established opinion
of this department that a county may purchase, with the
consent of a city, the right-of-way for a highway through
an incorporated city, nevertheless the city and county

380

are separate and distinct jurisdictions insofar as they relate to highway matters, having separate and distinct powers and privileges; and the indebtedness of one is not the indebtedness of the other.  Title to property condemned by a city or an easement is in the name of the city, whereas rights-of-way purchased by a county for highway purposes are vested in the State of Texas.

Article III, Section 51 of the Constitution of Texas is in part as follows:

"The Legislature shall have no power to make any grant or authorize the making of any grant of public monies to any individual, association of individuals, municipal or other corporations whatsoever. . . ."

Article III, Section 52 of the Constitution of Texas provides in part:

"The Legislature shall have no power to authorize any county, city, town, or other political corporation or subdivision of the State to lend its credit or to grant public money or thing of value in aid of, or to any individual association or corporation whatsoever, . . ."

This constitutional prohibition was applied in the cases of San Antonio Independent School District v. Board of Trustees, 204 S.W.2d 22 (Tex.Civ.App.1947, error ref. n.r.e.), and City of El Paso v. Carroll, 108 S.W.2d 251 (Tex.Civ.App.1937, error ref.).

In the case of Galveston H.& S.A.Ry.Co. v. Uvalde Company, 167 S.W.2d 305 (Tex.Civ.App.1942, error ref.), the Court said:

"The Commissioners' Court of a county has only such powers as are expressly or by necessary implication given it by the Constitution and statutes of this State."

Also see: Art.V, Sec.18, Tex.Const.; Mills County v. Lampasas County, 90 Tex.603, 40 S.W.403 (1897); W.A.Morgan and Bros. v. Missouri K.& T.R.Co., 50 Tex.420, 110 S.W. 978 (1908).

Passing to the question presented, it will be

noted that a county may not condemn property lying within the jurisdiction of the City of Lubbock, and being without authority to condemn, it necessarily follows that a county may not pay the condemnation awards for the City of Lubbock. The title to such property or the easement obtained would be in the name of the City of Lubbock; and our State Constitution, as set out above and as interpreted by the cases cited, prohibits the officers of the county from paying over proceeds of a bond issue to a municipal corporation. In the absence of authority permitting the same to be done, we are of the opinion that the County of Lubbock would not be authorized to pay the condemnation awards against the City of Lubbock.

### SUMMARY

A Commissioners' Court of a county may expend county road bond funds in the improvement of city streets forming a part of the county road system or a connecting link in a state highway with the consent of the city and may purchase lands for rights-of-way for State highways within the city if the city consents and approves. Hughes v. County Commissioners' Court of Harris County, 35 S.W. 2d 818 (Tex.Civ.App.1931); City of Breckenridge v. Stephens County, 120 Tex.318, 40 S. W.2d 43 (1931); A.G.Opinion O-7465, dated November 8, 1946.

Inasmuch as a county may not condemn land within an incorporated city, a county may not pay the condemnation award for a city on property obtained by the city by condemnation for rights-of-way purposes. Such payment would be in violation of the Constitution. Tex.Const., Art.III, Secs.51 and 52; Benat v. Dallas County, 266 S.W.540 (Tex.Civ.App.1924, error ref.); Adams v. Rockwall County, 280 S.W.759 (Tex.Comm. App.1926).

Yours very truly,

ATTORNEY GENERAL OF TEXAS

APPROVED

*Price Daniel*
ATTORNEY GENERAL

By *Burnell Waldrep*
Burnell Waldrep
Assistant

BW:bh:mw